COBB *v.* BACKUS.

1. DEEDS—SETTING ASIDE INSTRUMENTS—MORTGAGES—DEED AS SECURITY.

After extensive litigation over the title of certain farm lands, complainant entered into an arrangement to take the title to the property which he conveyed by deed to secure a loan from a bank sufficient to purchase the interest of the prevailing party in the litigation. Defend-

ants gave to complainant several promissory notes maturing at different intervals indorsed by the other defendant as joint maker. The indorser later advised complainant to dispose of the property to satisfy the unpaid obligations. Complainant thereupon entered into a contract for the conveyance of the property upon the performance of the conditions therein set forth. The purchasers carried out their part of the agreement. The evidence showed that in making the purchase of the property under the land contract the vendee was acting as agent of the defendants whose tenant he had been. It further was established by the evidence that defendants supposed that the tenant had sold part of the stock belonging to the defendants and had paid the notes with the proceeds and that his purchase had been upon their account and in their behalf. There was a conflict of the evidence as to whether the vendee paid the money belonging to the other defendants, but it was undisputed that the statute of limitations had run against the notes executed by them. *Held,* that complainant's deed transferring title as security for the loan at the bank was in the nature of a mortgage but placed the legal title in his name, that he was authorized by defendants to dispose of the lands and reimburse himself and that a decree permitting the defendants to redeem from the purchaser and from complainant was as favorable as they were entitled to.[1]

2. SAME—MORTGAGES—REDEMPTION.

A deed absolute in form may be decreed to stand as security for money loaned and the debtor be permitted to redeem upon the performance of such conditions as may be deemed equitable.

Appeal from Alpena; Connine, J. Submitted April 21, 1915. (Docket No. 88.) Decided June 7, 1915.

Bill by Joseph H. Cobb against Newton D. Backus and others to quiet title to real property. Defendants filed a cross-bill making Philip Curran and an-

[1] As to effect of debt becoming barred by limitations upon rights and remedies under conveyance absolute on its face but intended as a mortgage, see notes in 11 L. R. A. (N. S.) 825, 24 L. R. A. (N. S.) 840.

other parties defendant. From a decree allowing defendants to redeem upon the payment of an amount found to be due by the court, both defendants and cross defendants appeal. Modified and affirmed.

*Joseph H. Cobb, in pro. per.*

*Albert McClatchey, for defendants Backus.*

*Henry R. MacGillis, for defendants Curran.*

STONE, J. In this case the bill of complaint was filed against the defendants Newton D. Backus and Henry N. Backus to quiet complainant's title to the northeast quarter of section 29, town 26 north, range 8 east, being in Alcona county. The proceedings leading up to this case were substantially as follows: Absalom Backus was originally the owner of this land. He had litigation in the circuit court of said county, and incurred an indebtedness to Nicholas Hartingh, the official stenographer, which he did not pay. Mr. Hartingh sued Backus, obtained a judgment against him, and levied upon this land. In the meantime Backus had conveyed the land to his wife, Sarah E. Backus. Mr. Hartingh by suit had this transfer set aside, the land was sold on execution, was bid in by Hartingh upon the sale, and, no one redeeming from the sale, the title became absolute in him. Philip Curran was in possession of the land at the time Mr. Hartingh's deed became operative. Hartingh dispossessed Curran, and took possession of the land, and put one Fowler in possession as his tenant. After Hartingh took possession, the defendant Henry N. Backus, acting as agent for his mother, Sarah E. Backus, employed the complainant to bring suit to recover back the title to this land from Hartingh. A bill of complaint was filed, the case was heard, and decided in favor of Hartingh. After the decree, a settlement was reached with Hartingh; he

agreeing to give up the title to the land for $600. It required, however, $948.05 to settle with Hartingh, pay back taxes, obtain an abstract, insure the property, and pay complainant's fees or charges. An effort was made to raise the necessary money by giving a mortgage to the Alpena County Savings Bank. The bank, however, refused to make the loan upon that security, and it was finally agreed that complainant should take a deed of the property from Hartingh, give the bank a deed which it would not record, and make the loan upon complainant indorsing the notes of Sarah E. Backus and Henry N. Backus. This arrangement was carried out, and Hartingh deeded the land to complainant on August 21, 1905, which deed was duly recorded on August 26, 1905. In carrying out this arrangement, Sarah E. Backus, on August 24, 1905, gave complainant her four promissory notes, three for the sum of $237 each, and one for $237.05, due four, eight, twelve, and eighteen months from date. Henry N. Backus signed the notes upon the back, and was a joint maker. When the first note became due, it was not paid, and it was protested. After writing numerous letters to Sarah E. Backus and Henry N. Backus, and after an interview with the latter in January or February, 1906, urging the payment of the past-due note, Henry N. Backus told complainant that, if he (Backus) could not raise the money to meet these notes by May or June following, complainant could sell the property and get his money out of it and fix up the notes. After further fruitless correspondence, and on August 1, 1906, the notes being unpaid, complainant sold the land on land contract to Philip Curran and Mary Curran for $1,050, being the face of the said notes, interest thereon, and some small expenses which had been incurred in connection with the property. The contract was made in the name of Nettie Cobb, complain-

ant's wife; he signing her name as her agent. The contract contained the following provision:

"If first party fails to obtain Mrs. Sarah Backus' equities in said land, she is released from this contract, and all payments with interest to be returned to second parties."

The Currans at the date of the contract gave a chattel mortgage to secure the payment of a part of the contract. There being no notary public present except complainant, and it being necessary that the statutory affidavit should be sworn to and annexed to the chattel mortgage, the complainant acted as the notary public, and this was the reason why the contract was made in the name of complainant's wife. The contract has been fully paid up by the Currans, but no deed has been made. The complainant paid the said promissory notes, and has possession of the deed given to the said bank as security, which has never been recorded. Said Sarah E. Backus having died testate, leaving the said defendants Newton D. Backus and Henry N. Backus as her sole legatees, and the latter asserting that said complainant wrongfully obtained a deed of said land in fraud of the right of said Sarah E. Backus and of said defendants, and claiming that said defendants were the rightful owners of said land, the complainant filed his bill of complaint on October 23, 1912, to quiet his title therein; the legal title of record being still in him. The cause being at issue, was partially tried, when said defendants asked leave to bring in Philip Curran, Mary Curran, and Nettie Cobb as cross-bill defendants. This leave was granted and an amended answer and cross-bill was filed, wherein it was claimed, among other things, that the taking of said deed by complainant in his own name was wrongful on his part, and that neither he nor any other person than said Sarah E. Backus obtained any title to said land; that

said Philip Curran was the tenant of said Sarah E.
Backus, and agreed to pay said notes, as they fell due
for her, and that he subsequently informed her that
he had sold some of the stock on the farm belonging
to her, and had paid the notes in full; that they never
had notice that said notes were unpaid; that com-
plainant knew that said Curran in the fall of 1905
went into possession of said farm as the tenant of
said Sarah E. Backus, and that he had remained
there as such tenant ever since, under an agreement
to cultivate the farm, care for the stock, and share
the proceeds of said farm and stock; that defendants
believing that said Curran had paid the said notes,
and was acting in good faith toward them, had not
pressed him for an accounting since the death of said
Sarah E. Backus; that said Curran paid the said
notes for and in behalf of the said Sarah E. Backus;
but that after her death, for the purpose of defraud-
ing defendants, he connived with the complainant and
said Nettie Cobb to set up a claim that he had bought
the farm, and that such payments as he had made
were made on his own behalf, and that said contract
was a mere pretense; and they prayed that said com-
plainant, Nettie Cobb, and Philip Curran be required
to execute and deliver to said defendants suitable con-
veyances to clear their title to said lands of any clouds
growing out of such transactions. All of these alle-
gations were denied by the cross-defendants, and
Philip Curran expressly denied that he paid the said
notes, or any part thereof, but claimed that he pur-
chased the land under said contract in good faith;
that said lands had since been occupied by him under
such contract, which fact had been fully known to
said defendants; and that he had fully paid the
amount of purchase money provided for by said con-
tract.

The cause, being at issue, came on for a hearing,

and a large amount of testimony was taken. The trial court found that the original arrangement between complainant and Henry N. Backus under which complainant took the deed to himself from Hartingh constituted in law a mortgage, but, as said Backus told complainant to go ahead and sell the land and reimburse himself, Backus was estopped from attacking the title in complainant's hands; that complainant sold to Curran on contract; and that the latter had paid the contract price in full. The court further found that when Curran bought this land he was a tenant under Sarah E. Backus, and Curran having testified in another suit that he was acting as the agent of Mrs. Backus when he bought the land from complainant, and that he held it in trust for and intended to convey it to defendants Backus, it must be held that Curran bought of complainant for Backus. It found that the claim of Backus that Curran was to raise the money to pay complainant by a sale of stock from the farm was not supported by the evidence, nor did the evidence dispute the claim of Curran that he paid for the land with his own money; that, as between Curran and defendants Backus, the latter must be allowed to redeem the land from Curran upon the payment to him of $1,630.85, with interest from the date of the decree, that being the amount which Curran paid to complainant; which sum, if paid within three months, should entitle defendants Backus to a quitclaim deed from Curran and wife of said land; and that, in default of such payment within said time, title to said land should be confirmed in said Philip Curran and Mary Curran.

A careful examination of the evidence satisfies us that the court was correct in finding that the evidence did not warrant the claim that Curran paid the money of defendants Backus in the purchase. The title of Hartingh was an absolute title. The statute

of limitations had run against the notes. Defendants Backus claimed title to the land without reimbursing either complainant or Curran. In this they were wrong. Whether complainant's deed was a mortgage, or an absolute conveyance of title, it is very evident that it placed in him the legal title to the property. In either case he had the right to sell his interest, and reimburse himself, without the consent of Sarah E. Backus. We think that the decree below was as favorable to defendants Backus as the evidence would warrant, and, as the complainant has not appealed, we think the decree should be affirmed, with this modification:

As we understand the record, the complainant still holds the legal title to this land—the interest of the bank having been clearly that of a mortgagee. In case defendants Backus pay to Curran the amount decreed, complainant should convey his legal title to them. The defendants Backus should have three months from the date of this opinion in which to pay the said $1,630.85, with interest at 5 per cent. per annum from the date of the decree below; and, in default of such payment within said time, title to said land will stand confirmed in said Philip Curran and Mary Curran, and defendants Backus shall thereupon be foreclosed from any interest therein. *Williams* v. *Bolt,* 170 Mich. 517-528 (136 N. W. 472).

As thus modified, the decree below will be affirmed, with costs of both courts to complainant against all of the defendants.

BROOKE, C. J., and McALVAY, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.